## H. W. PALFREY, for the use, &c., v. B. MARIGNY.

The Register of Conveyances is not responsible in damages, to a purchaser at Sheriff's sale, on account of his false certificate, that the title to the land sold was in the defendant in execution, when the purchaser ought not to have been misled by the certificate, and when his own chain of title afforded him the means of knowing, that he held previously, a title good as against the one sold.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Hamner & Hays*, for plaintiff and appellant. *LeGardeur*, for defendant.

VOORHIES, J. The defendant, who is the Recorder of Conveyances for the city of New Orleans, is sought to be made responsible to the plaintiff, who sues for the use and benefit of *William H. Garland*, tutor of his minor children, in the sum of $2,100 for damages.

The record shows that a writ of seizure and sale was issued on a judgment at the suit of *Alfred Mouchon* v. *Paul Mouchon*, tutor, &c., in virtue of which a lot of ground, situated in the suburb Annunciation, together with the buildings and improvements thereon, was levied upon as the property of the defendant in execution, and, upon a certificate of non-alienation from the office of the Recorder of Conveyances, was adjudicated to the plaintiff for the sum of $2,100. On the 16th October, 1845, this lot was sold by the syndic of *Paul Mouchon* to *James Grimshaw*, who conveyed the same to *J. G. Bernard*, under whom Mrs. *Frances M. Garland*, wife of *William H. Garland*, held by virtue of a deed of sale, dated the 25th June, 1850. The record contains the following admissions: "*H. W. Palfrey* purchased the property at Sheriff's sale without knowing it was the same held by Mr. and Mrs. *Garland*. Having ascertained it was the same, he agreed with Mr. *Garland* that *he was to take his place as purchaser*, and pay the sheriff; for this purpose Mr. *G.* consulted Mr. *Hunt* and afterwards paid the money to the sheriff or furnished the amount for me to pay him. Mr. *G.*, Mr. *Hunt* and myself were together in the Sheriff's office where the money was paid, and Mr. *Bermudez*, attorney of plaintiff in the case, was also waiting there to receive it. In conversation with Mr. *Garland*, I told him that I considered the new title a good one, and his title as invalid. For this reason he decided on taking my place."

It is obvious from this state of facts that *Henry W. Palfrey* had full knowledge of the antecedent alienation, and, in consequence of which, ceded his bargain to Mr. *Garland*, by whom the price of adjudication was paid. Not having sustained any injury from the error committed by the Recorder of Conveyances in his certificate, it is clear, therefore that he has no just or legal ground of complaint. *Garland* being then the real purchaser at the Sheriff's sale, it is evident that he could not have been misled by the certificate of the defendant's deputy, because at the time and previously, he must have been aware of *Paul Mouchon's* divestiture of title to the same property; nay he himself or his wife, was the owner of it by the outstanding title, as to the existence of which, the plaintiff alleges he was induced in error through the defendant's fault. 2 An. 265.

It is, therefore, ordered and decreed that the judgment of the District Court be affirmed with costs.

A re-hearing is asked in this case. But we see no reason to change the judgment. In saying that *Garland* was not misled by the certificate, our meaning would, perhaps, have been more properly expressed, if we had said, he ought not to have been misled. His own chain of title afforded him the means of knowing that his title was good against the plaintiff in execution.

Re-hearing refused.